# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HITESMAN, GASTON, and ATTANASIO
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Jonathan T. MATHEWS**
Electronics Technician Third Class (E-4), U.S. Navy
Appellant

**No. 201900297**

Decided: 30 April 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Michael J. Luken

Sentence adjudged 2 July 2019 by a general court-martial convened at Naval Station Norfolk, Virginia, consisting of a military judge sitting alone. Sentence approved by the convening authority: confinement for 18 years and a dishonorable discharge.[1]

For Appellant:
*Commander Scott Stoebner, JAGC, USN*

For Appellee:
*Brian K. Keller, Esq.*

---

[1] The convening authority suspended confinement in excess of eight years pursuant to a pretrial agreement. While the convening authority failed to explicitly approve the adjudged mandatory dishonorable discharge, we find any such purported action to be *ultra vires* and take corrective action below.

————————————————

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

————————————————

PER CURIAM:

Appellant was convicted, pursuant to his pleas, of rape of a child, sexual abuse of a child, and violation of a lawful general regulation, in violation of Articles 120b and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920b, 134 (2012). Although the offense of rape of a child carries a mandatory minimum sentence of dishonorable discharge, the convening authority failed to explicitly approve the adjudged dishonorable discharge in taking action on the case.[2] We find any suggestion in the CMO that the mandatory dishonorable discharge was disapproved is *ultra vires*. We have held that in such cases the *ultra vires* portion of the CA's action is a legal nullity that we will disregard. *United States v. Kruse*, 75 M.J. 971, 975 (N-M. Ct. Crim. App. 2016) (involving the purported disapproval of a bad-conduct discharge). Accordingly, we approve the adjudged dishonorable discharge and order corrective action below, as Appellant is entitled to have the error corrected so as to accurately reflect the proceedings. *See United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence, as modified by this Court, are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Articles 59 and 66, Uniform Code of Military Justice, 10 U.S.C. §§ 859, 866. The supplemental CMO will reflect that the convening authority approved the dishonorable discharge.

The findings and sentence as modified and approved are **AFFIRMED**.

————————————————

[2] The Court-Martial Order [CMO] states, somewhat ambiguously, that "only so much of the sentence as provides for confinement for a period of 18 years is approved and with the exception of the dishonorable discharge, will be executed." Commander, Navy Region Mid-Atlantic, General Court-Martial Order No. 21-19, dated 22 October 2019, at 2.



FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court